# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:14CR00207-01 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| FRANKIE MALDONADO | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is the defendant's appeal (Rec. Doc. 34) of a ruling by Magistrate Judge Kay denying his motion to recuse (Rec. Doc. 30) his court-appointed counsel.

The defendant moved for his court-appointed attorney, Assistant Public Defender Wayne Blanchard, to be dismissed and a new attorney appointed. Magistrate Judge Kay held a hearing on December 10, 2015 and a transcript of that hearing has been entered into the record and reviewed by the undersigned.

In his rather extensive appeal brief, the defendant alleges several reasons to terminate the attorney-client relationship, including that Mr. Blanchard is prejudiced against him, unprofessional and ineffective. The Magistrate Judge addressed Maldonado's complaints in detail and denied the motion.

To dismiss his counsel and have another appointed, the defendant must generally establish adverse effect by demonstrating that there was some plausible alternative defense strategy that is not being pursued, because of some actual conflict.[1] Such a conflict does not arise when the alleged

---

[1] *Perillo v. Johnson*, 205 F.3d 775, 807 (5th Cir.2000).

conflict is merely hypothetical, speculative, or potential.[2] Nor does it arise when the petitioner merely complains about his inability to get along with his court-appointed attorney. Disagreement between the defendant's view of appropriate trial strategy and that of his counsel does not give rise to a "conflict" necessitating the appointment of new counsel.[3] *Robertson v. Cain,* No. 6:09 CV 1617, 2011 WL 1540449, at *11 12 (W.D. La. Mar. 17, 2011) report and recommendation adopted, No. 6:09 CV 1617, 2011 WL 1545696 (W.D. La. Apr. 21, 2011).

In this case, Maldonado has made multiple arguments to support his position. Many of these arguments concern his ideas of trial preparation and strategy. In several instances, Magistrate Judge Kay attempted to explain why decisions were made, seemingly to the defendant's satisfaction at the time. It seems that Maldonado wants an attorney solely dedicated to his cause and who will follow his instructions, including trial strategy, to the letter. The Magistrate Judge's ruling was well founded and based in the law, therefore the ruling will be affirmed.

Maldonado states that if he is not assigned a new attorney, he will appear *pro se.* The defendant has not filed a formal motion to proceed *pro se.* The defendant should take note, however, that although the Sixth Amendment guarantees a criminal defendant the right to assistance of counsel, that right is not absolute.[4] The goal of the Sixth Amendment is to assure that an effective advocate is provided for each criminal defendant; it is not aimed at affording each defendant

---

[2] *United States v. Garcia–Jasso,* 472 F.3d 239, 243 (5th Cir.2006), citing *United States v. Infante,* 404 F.3d 376, 391 (5th Cir.2005)

[3] *United States v. Fields,* 483 F.3d 313, 353 (5th Cir.2007), citing *United States v. Corona–Garcia,* 210 F.3d 973, 977 fn. 2 (9th Cir.2000); *United States v. Creel,* 158 Fed. App'x 627, 628 (defendant's disagreements with counsel did not constitute good cause for him to receive a new attorney); *Morris v. Slappy,* 461 U.S. 1, 14 (1983) (the Sixth Amendment does not guarantee an accused a "meaningful attorney-client relationship").

[4] *United States v. Gharbi,* 510 F.3d 550, 553 (5th Cir.2007).

representation by the lawyer he prefers.[5] The Fifth Circuit has "repeatedly held that the right to counsel guaranteed by the Sixth Amendment does not include the right to counsel of one's choice."[6]

Maldonado has a court appointed counsel to represent him at trial. Mr. Blanchard is an extremely competent, experienced and professional defense counsel. Although Maldonado is unhappy with the counsel provided to him, this court is not required to provide him with counsel of his choice.

The defendant is further advised that to exercise the right to represent himself, he must "'knowingly and intelligently' forego counsel, and his request to proceed *pro se* must be 'clear and unequivocal.' " *United States v. Martin*, 790 F.2d 1215, 1218 (5th Cir.1986) (citation omitted). If and when the defendat files a motion to appear *pro se,* a *Faretta* hearing must be held and this court, before granting the request, "must caution the defendant about the dangers of such a course of action so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' " *Id.* (quoting *Faretta v. California,* 422 U.S. at 835, 95 S.Ct. 2525).

Lake Charles, Louisiana, this 24 day of March, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[5] *United States v. Gharbi*, 510 F.3d at 553, citing *Wheat v. United States*, 486 U.S. 153, 159 (1988)

[6] *United States v. Breeland*, 53 F.3d 100, 106 n. 11 (5th Cir.1995), citing *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir.1993); *United States v. Norris*, 780 F.2d 1207, 1211 (5th Cir.1986); and *United States v. Magee*, 741 F.2d 93, 94 (5th Cir.1984).