RECEIVED
JUL 21 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. ACT. NO. 14-207 |
| -vs- | JUDGE DRELL |
| FRANKIE MALDONADO | MAG. JUDGE KATHLEEN KAY |

### RULING AND ORDER

Now before the court is a motion by the Associated Press to unseal certain documents in this criminal case. Pursuant to relevant jurisprudence, federal district courts have discretion, to be wisely exercised, to seal documents and unseal documents as may be appropriate. S.E.C. v. VanWaeyenberghe, 990 F.2d 845 (5th Cir. 1993); U.S. v. Nix, 976 F.Supp. 417 (S.D. Miss. 1997). When presented with motions to seal or unseal judicial records, the court's discretion in protecting a privacy right or preventing the use of information for any improper purpose is, at all times, weighed against the presumption of public access to judicial records. Test Masters Educational Services, Inc. v. Robin Singh Educational Services, Inc., 799 F.3d 437, 454 (5th Cir. 2015) citing Van Waeyenberghe, 990 F.2d at 848 and Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978). Accordingly, such motions are evaluated according to a four-pronged test, which requires the court to consider:

(1) is there an overriding interest that is likely to be prejudiced by the sealing of the document;
(2) is the closure broader than necessary to protect the interest of the accused in a fair trial;
(3) have all reasonable alternatives to closing the proceedings been

   considered; and
(4) has the court made findings of fact regarding closure of the proceedings prior to the closure and with notice to public or press?
Nix, 976 F.Supp. at 420-21.

In this case the Associated Press requests the unsealing of several documents in its proposed "Motion for Access." (Doc. 93). Specifically, the instant motion requests that transcripts of proceedings held December 6, 2016 be unsealed and seeks access to other record documents which are alleged to be missing from the publically viewable docket sheet. (Docs. 38, 55, 60, 65, 80 and 81).

The court has carefully reviewed the record with a view toward balancing the accused's rights and those of the public as cited above. Considering these important competing interests, it is hereby

**ORDERED** that the instant motion is **GRANTED** in part, such that the proceedings of December 6, 2016 are released from seal insofar as they contain voir dire conducted in open court, which shall be properly redacted to delete all personal, private information of prospective jurors disclosed during the proceedings. It is further

**ORDERED** that the instant motion is **DENIED** in part as it pertains to the allegedly "missing" docket entries. Having reviewed Docs. 38, 55, 60, 65, 80 and 81, it is the finding of this court that these filings should remain sealed for the following reasons: (1) none of the enumerated filings pertain to the December 6, 2016 proceedings which form the basis of the movant's inquiry; (2) the enumerated filings do contain information which, if made public, might prejudice the defendant, particularly in light of the pending appeal in this matter (Doc. 104); and (3) a portion of the documents are or reference the Pre-Sentence Investigation Report, to which the public has no right of access. Fed. R. Crim. P. 32(c); U.S. v. Huckaby, 43 F.3d 135 (5th Cir. 1995); U.S. v.

Martinello, 556 F.2d 1215 (5th Cir. 1977).

      **THUS DONE AND SIGNED** at Alexandria, Louisiana this 21st day of July, 2017.

                                              **DEE D. DRELL, CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**