IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
Alexandria Division

RECEIVED
NOV 04 2019
TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

FRANKIE MALDONADO,           )
                             )
    Defendant - Petitioner,  )
                             )
v.                           ) Criminal.No.: 14-CR-00207
                             ) Civil NO.: 19-CV-01119
UNITED STATES OF AMERICA,    )
                             )
    Plaintiff - Respondent.  )
                             )

MOTION TO COMPEL COUNSEL
TO PRODUCE CLIENT FILE

COMES NOW, the Defendant - Petitioner, Frankie Maldonado, in propria persona, and respectfully presents this, his Motion to Compel Counsel to Produce Client file for the Court's consideration. This Motion filed necessarily for the reasons contained herein and in the interest of justice.

Mr. Maldonado seeks this Court to order his trial counsel, Mr. Randal P. McCann, to return Mr. Maldonado's case files and Jencks / Brady material to Mr. Maldonado. Mr. McCann's most recent address as known by Mr. Maldonado is: 1005 LaFayette Street, LaFayette, LA 70501.

I.   BACKGROUND

Trial counsel, Mr. Randal P. McCann, was at one point appointed to represent Mr. Maldonado in the above-captioned case.

This Court imposed a sentence of 480 months' imprisonment upon Mr. Maldonado on 4/25/2017, with five years' supervised

release. This sentence was imposed subsequent to Mr. Maldonado's being found guilty by a jruy for 2 counts of violation of 18 U.S.C. § 2251(a) and one count of violation of 18 U.S.C. § 2423(b).

Mr. Maldonado has made multiple written and oral requests to Mr. McCann (Exhibit "A") to return his case file to his possesison. It is well-settled that a court may order an attorney surrender his client's files to that client. <u>In re Grand Jury Proceedings, Vargas v. United States</u>, 727 F.2d 941, 944 (10th Cir. 1984)(cert. denied at 469 U.S. 819).

II. MR. MALDONADO'S CASE FILE AND **BRADY** / **JENCKS** MATERIAL

As this Court is aware, irrespective of whether counsel was appointed or privately retained, the case file was created on behalf of the client (in this case Mr. Maldonado), and other attorneys.

Mr. McCann was paid for the creation of Mr. Maldonado's file. As such, Mr. Maldoando's file may not be held ransom for qany type of remuneration prior to the production thereof.

It is a well-settled tenet that that case file belongs to the client and not the counsel, under the Rules of Professional Conduct and a plehora of litigation and precedent case law. "[A] majority of courts and state legal ethics advisory codies considering a client's access to the attorney's file in a represented matter, upon termination of the attorney-client relationship ... presumptively accord the client full access to the entire attorney file[.]"

- 2 -

SEC v. McNaul, 277 F.E.D. 439, 455; 2011 U.S. Dist. LEXIS 62932 (D. Ks. 2011)(quoting Sage v. Proskauer Rose Goetz & Mandelsohn, L.L.P., 91 N.Y. 2d 30, 689 N.E. 2d 879, 881-82, 666 N.Y.S. 2d 985 (N.Y. 1997)). "Any ownership rights which inure in the file belong to the client[.]" In re Grand Jury Proceedings, 727 F.2d at 944. See also, Nolan v. Foreman, 655 F.2d 738, 742-43 (5th Cir. 1982)("[A] client has the right to return of his/her papers upon request."); SEC V. McNaul, 271 F.R.D. 661 (D. Ks. 2010)("the court held that upon a client's request, the former attorney was required to turn over the ENTIRE contents of the [] file since the file belonged to the client[.]" (Emphasis added)(citing Resolution Trust Corp. v. H-, P.C., 128 F.R.D. 647, 1989 U.S. Dist. LEXIS 14726 (N.D. Tex. 1989)(ordering counsel to turn over entire contents of the client's file, cinluding notes, memoranda and copied documents); Medical Protective Group v. Bubenik, 2007 U.S. Dist. LEXIS 76382 (E.D. Mo. 2007)("the attorney's files belong not to the attorney, but [] to the client[.]"); M and C Corporation v. Behr, 2008 U.S. Dist. LEXIS 58872 (E.D. Mi. 2008)("former client is granted access to documents possessed by counsel relating to representation over claims of work product protection."); Spivey v. Zant, 683 F.2d 881, 885-86 (5th Cir. 1982)("Spivey, Schloth's former client ... was entitled to all portions of [his] file." See also, Fidelity National Title Insurance Company v. Captive Lake Investments, LLC, 2012 U.S. Dist. LEXIS 116206 (E.D. Mo. 2012)("just as an attorney's file belongs to the client[.]")

If Mr. McCan wishes to retain copies of portions of the file, he may do so at his expense. See, Resolution Trust Corp., 128 F.R.D. at 648; see also, SEC v. McNaul, 271 F.R.D at 666 (citing Resolution Trust Corp.); United States v. York, 2010 U.S. Dist. LEXIS 44891, FN1 (S.D. Tex. 2010)("the attorney may copy at his/her own expense, portions of the file he wishes to retain[.]")(citing Spivey, supra.)

In the instant case, Brady/Jencks material was provided to counsel. See, 18 U.S.C. § 3500. In any event, any materials are now part of Mr. Maldonado's case file and should be turned over to him. This material is essential to his currently-pending Motion under 28 U.S.C. § 2255.

### III.  RELIEF SOUGHT

Mr. Maldonado seeks an order from this Honourable Court directing Mr. McCann to provide Mr. Maldonado's entire client file, to include but not limited to, notes, memoranda, letters, discovery, grand jury transcripts, indictment, and any other information contained therein, including all Brady/Jencks material give by the prosecution. If any of the above was not given to Mr. McCann, the Petitioner requests for a declaration stating such.

### IV.  CONCLUSION

WHEREFORE, for the foregoing reasons, Mr. Maldonado respectfully requests that this Court grant this motion.

V. DECLARATION

I hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statements and information contained therein are true and accurate to the best of my information and belief.

RESPECTFULLY SUBMITTED, this 31 day of October, 2019.

*Frankie Maldonado*
Frankie Maldonado
Petitioner
in propria persona

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Motion to Compel Counsel to Produce Client File was mailed, postage prepaid, to the following parties:

| United States District Court | United States Attorney's Office |
|---|---|
| Office of the Clerk | ATTN: Cristina Walker |
| 300 Fannie St. - Ste 1167 | 800 LaFayette St. - Ste 2200 |
| Shreveport, LA 71101-3080 | LaFayette, LA 70501 |

MAILED, this 31 day of October, 2019.

*Frankie Maldonado*
Frankie Maldonado
Petitioner
in propria persona

Frankie Maldonado
#27856-171
FCC Petersburg - Medium
P.O. Box 1000
Petersburg, VA 23804

No Phone, No Fax, No E-mail